Polichinski, Plaintiff in error, vs. The State, Defendant in error.

*April 4—April 29, 1930.*

The cause was submitted for the plaintiff in error on the brief of *Reilly & Cosgrove* of Fond du Lac, and for the defendant in error on that of *L. E. Gooding,* district attorney for Fond du Lac county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

ROSENBERRY, C. J. The practice in this case is most extraordinary. The record of a court is a solemn memorial of its doings in the case to which it relates. It imports verity and is conclusive as to those matters upon which it speaks. Proceedings to correct or amend a record are well known and well established in the law. The attempt to amend this record by stipulation of the parties without referring the matter to the trial court which made up the record is, so far as we are able to ascertain, entirely without precedent in the law. It is needless to say that it is wholly ineffective. The circuit court should not have considered it and we shall not consider it.

It is hardly necessary to cite authority to sustain so elementary a proposition of law. See 15 Corp. Jur. p. 971, §§ 382, 395, and cases cited; 23 Ruling Case Law, p. 158, § 7, and cases cited.

Upon the sole question attempted to be raised in the case on the allegations contained in the affidavit, which is that the court abused its discretion in denying defendant a continuance, we may say for the benefit of the parties we should have arrived at the same conclusion if the record had been properly amended. No harm is done in this case, but cases might arise in which irreparable injury would result to the rights of parties if the irregular procedure adopted in this case was followed.

*By the Court.*—Judgment affirmed.